**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 15-4683**

───────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

GEORGE ANTONIO MATTOCKS,

        Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Fox, Senior District Judge. (5:05-cr-00179-F-1)

───────────────

Submitted: February 17, 2017    Decided: February 23, 2017

───────────────

Before GREGORY, Chief Judge, and WYNN and HARRIS, Circuit Judges.

───────────────

Vacated and remanded by unpublished per curiam opinion.

───────────────

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Chief Appellate Attorney, Jennifer C. Leisten, Research & Writing Attorney, Raleigh, North Carolina, for Appellant. John Stuart Bruce, Acting United States Attorney, Jennifer P. May-Parker, Phillip A. Rubin, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

George Antonio Mattocks appeals the 47-month and 29-day statutory maximum sentence the district court imposed upon revocation of his term of supervised release. Mattocks contends that his sentence is plainly unreasonable because the district court committed procedural error in failing to adequately explain its sentence. We agree, and we vacate the district court's judgment and remand for resentencing.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." United States v. Webb, 738 F.3d 638, 640 (4th Cir. 2013). "We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." Id. (internal quotation marks omitted). "When reviewing whether a revocation sentence is plainly unreasonable, we must first determine whether it is unreasonable at all." United States v. Thompson, 595 F.3d 544, 546 (4th Cir. 2010). Our review of revocation sentences relies on many of the same procedural and substantive considerations that guide our review of original sentences. United States v. Crudup, 461 F.3d 433, 438 (4th Cir. 2006). A revocation sentence is procedurally reasonable if the district court adequately explains the sentence after considering the Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a)

2

(2012) factors. Thompson, 595 F.3d at 546-47; see 18 U.S.C. § 3583(e) (2012).

We conclude that the district court procedurally erred in failing to adequately explain its selected sentence. "Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an 'individualized assessment' based on the particular facts of the case before it." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (quoting Gall v. United States, 552 U.S. 38, 50 (2007)); see also Thompson, 595 F.3d at 547. "A court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, but it still must provide a statement of reasons for the sentence imposed." Thompson, 595 F.3d at 547 (internal quotation marks omitted). Here, the district court failed to address Mattocks' nonfrivolous argument that a lower sentence was warranted given his positive employment history, strong family support, and that he successfully completed over four years of supervised release prior to his first violation. See Carter, 564 F.3d at 328 ("Where the defendant . . . presents nonfrivolous reasons for imposing a different sentence than that set forth in the advisory [policy statements], a district judge should address the party's arguments and explain why he has rejected those arguments." (internal quotation marks omitted)).

Additionally, the district court failed to explain why it was necessary to impose a sentence at the statutory maximum, as opposed to a different sentence above the 3- to 9-month policy statement range. See United States v. Helton, 782 F.3d 148, 151-52 (4th Cir. 2015) ("For a sentence to be procedurally sound, a district judge must also consider the factors outlined in 18 U.S.C. § 3553(a) and articulate the reasons for selecting the particular sentence, especially explaining why any sentence outside of the [policy statement] range better serves the relevant sentencing purposes set forth in § 3553(a)." (alteration and internal quotation marks omitted)).

Having concluded that Mattocks' sentence is unreasonable, we must determine whether it is plainly so. To be plainly unreasonable, a sentence must "run afoul of clearly settled law." Thompson, 595 F.3d at 548. The requirement that a district court offer a sufficient explanation for a sentence well above the policy statement range is well settled in this Circuit.* See, e.g., Thompson, 595 F.3d at 547; Carter, 564 F.3d at 328-30; Crudup, 461 F.3d at 438-39.

Accordingly, we vacate Mattocks' sentence and remand for resentencing. We dispense with oral argument because the facts

---

* Because we conclude that Mattocks' sentence is procedurally unreasonable, we do not address the substantive reasonableness of the sentence.

and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

VACATED AND REMANDED